IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3194-FL

| | | |
|---|---|---|
| S. SHANE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| L. CARTER, DONALD MOBLEY, | ) | |
| DR. CLIFFORD CURTIS, | ) | |
| NURSE FLEMMING, and THE | ) | |
| NORTH CAROLINA DEPARTMENT | ) | |
| OF PUBLIC SAFETY, | ) | |
| | ) | |
| Defendants. | ) | |

The matter is before the court on defendant's motion for summary judgment or motion to dismiss (DE 32), which was fully briefed. Also before the court is plaintiff's pleading captioned "Plaintiff's Request for a Waiver of Rules and Request for a Hearing/Telephonic Conference" (DE 42) and motion for a bench trial (DE 45). Defendants did not respond to plaintiff's motions. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court rules as follows.

**STATEMENT OF THE CASE**

On July 29, 2016, plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 alleging that defendants L. Carter, Donald Mobley, Dr. Clifford Curtis ("Curtis"), Nurse Flemming, and the North Carolina Department of Public Safety ("DPS") acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. Plaintiff subsequently moved for appointment of counsel and for a temporary

restraining order or for a preliminary injunction. On September 13, 2016, the court conducted a frivolity review of plaintiff's action pursuant to 28 U.S.C. § 1915 and allowed plaintiff to proceed. The court also denied plaintiff's motion to appoint counsel and directed defendants to respond to plaintiff's motion for injunctive relief. Defendants responded to plaintiff's motion for injunctive relief on September 27, 2016, and plaintiff replied. On October 20, 2016, the court denied plaintiff's request for injunctive relief. Defendant Curtis then moved for a consent protective order governing the production of confidential materials, which the court allowed.

On December 20, 2016, defendant Curtis filed a motion for summary judgment solely arguing that plaintiff failed to exhaust his administrative remedies pursuant to 28 U.S.C. § 1997e(a). Alternatively, defendant Curtis seeks dismissal of plaintiff's action pursuant to Federal Rules of Civil Procedure 12(b)(1),(3) on the grounds that plaintiff is attempting to enforce a settlement agreement reached in Smith v. Beck, No. 5:07-CT-3034-FL (E.D.N.C. March 25, 2011) ("Smith I"), which must be brought as an action for breach of contract in state court. In support, defendants submitted a Statement of No Material Facts and an Appendix which included an affidavit from Finesse G. Couch–the Executive Director of the North Carolina Inmate Grievance Resolution Board. (Couch Aff. ¶ 2). Plaintiff subsequently filed a pleading captioned "Plaintiff's Request for a Waiver of Rules and Request for a Hearing/Telephonic Conference." Plaintiff contemporaneously responded to defendants' motion for summary judgment and attached a personal declaration. Defendants then replied. On March 15, 2017, plaintiff filed a motion for a bench trial.

**DISCUSSION**

A.   Motion for Summary Judgment

    1.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

    2.   Analysis

        a.   Exhaustion of Administrative Remedies

Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Ross v. Blake, __ U.S. __, 136 S. Ct. 1850, 1856 (2016) ("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85;

Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

In Ross, the Supreme Court emphasized the PLRA's "mandatory language" concerning exhaustion. Ross, 136 S. Ct. at 1856–57 (stating that "mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion"). Nevertheless, the Court identified "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." Id. at 1859. First, an administrative remedy may be unavailable when "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Id. Second, a remedy might be "so opaque that it becomes, practically speaking, incapable of use" because "no ordinary prisoner can discern or navigate it . . . [or] make sense of what it demands." Id. (citations omitted). Third, an administrative remedy may be unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1860.

Here, plaintiff attests that he submitted grievances regarding defendant Curtis' alleged failure to provide him with medical supplies needed to care for plaintiff's genetic medical condition on August 15, 2015, May 10, 2016, and July 15, 2016. (Pl. Aff. ¶¶ 3, 4). Plaintiff further attests that prison officials ignored each grievance, and there is no indication in the record that any of plaintiff's grievances were accepted or processed. (See id.; Couch Aff.). Thus, the court DENIES defendant's motion for summary judgment based on plaintiff's failure to exhaust administrative remedies. See

Ross, 136 S. Ct. at 1859-60. The court expresses no opinion on the ultimate merits of plaintiff's claims.

B. Motion to Dismiss

Alternatively, defendant Curtis argues that plaintiff's action should be dismissed pursuant to Rules 12(b)(1), (3) because plaintiff is attempting to enforce a settlement agreement reached in Smith I. The court agrees that any attempt to enforce the settlement agreement entered in Smith I must be brought in North Carolina State court as a breach of contract action. Smith v. Beck, 5:07-CT-3034-FL (E.D.N.C. Dec. 6, 2012). The court, however, does not construe the instant action as an attempt to enforce the settlement agreement in Smith I. Rather, the court construes the action as a new claim alleging deliberate indifference to plaintiff's medical needs. Notably, defendant Curtis was not even a party to Smith I. Thus, the motion to dismiss is DENIED as to this issue.

Defendant Curtis also moves to dismiss plaintiff's Eighth Amendment claim against Curtis in his official capacity. An action by a private party to recover money damages from state officials in their official capacity are barred by the Eleventh Amendment. Huang v. Board of Governors of University of North Carolina, 902 F.2d 1134, 1138 (4th Cir. 1990). For this reason, defendant Curtis' motion to dismiss is GRANTED as to this claim.

C. Motion for a Hearing and For a Bench Trial

Plaintiff's motions essentially request that the court grant a hearing, telephone conference, or bench trial if the court determines that further evidence is necessary to adjudicate defendant Curtis' motion for summary judgment. Because the court denied defendant Curtis' motion, the court DENIES as MOOT plaintiff's motions.

## CONCLUSION

For the foregoing reasons, the court orders as follows:

(1) Defendant Curtis' motion for motion for summary judgment (DE 32) is DENIED;

(2) Defendant Curtis' motion to dismiss (DE 32) is GRANTED in part and DENIED in part. The motion is GRANTED as to plaintiff's official capacity claim against defendant Curtis. The remainder of the motion to dismiss is DENIED;

(3) Plaintiff's pleading captioned "Plaintiff's Request for a Waiver of Rules and Request for a Hearing/Telephonic Conference" (DE 42) is DENIED as MOOT;

(4) Plaintiff's motion for a bench trial (DE 45) is DENIED as MOOT;

(5) An initial order will follow.

SO ORDERED, this the 24th day of May, 2017.

LOUISE W. FLANAGAN
United States District Judge